J-S29036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TODD WALKER | : | |
| | : | |
| Appellant | : | |
| | : | No. 1633 WDA 2015 |

Appeal from the PCRA Order September 14, 2015
in the Court of Common Pleas of Lawrence County Criminal Division
at No(s):  CP-37-CR-0000786-2011
CP-37-CR-0001404-2011
CP-37-CR-0001408-2011
CP-37-CR-0001416-2011

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 27, 2016**

Appellant, Todd Walker, appeals from the order of the Lawrence County Court of Common Pleas denying his timely first Post Conviction Relief Act[1] ("PCRA") petition.   Appellant claims that his prior counsel was ineffective for failing to investigate his mental health issues before he pleaded guilty to, *inter alia*, attempted murder.[2]  We affirm.

The PCRA court summarized the procedural history of this appeal as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 901(a), 2502.

At Case No. 786 of 2011 CR [Appellant] was charged with Criminal Attempt to Commit Homicide (18 Pa.C.S.A. §901(a)), Aggravated Assault Attempted Serious Bodily Injury (18 Pa.C.S.A. §2702(a)(1)), Aggravated Assault Bodily Injury with a Deadly Weapon (18 Pa.C.S.A. §2702(a)(4)), and Persons Not to Possess Firearms (18 Pa.C.S.A. §6105(a)(1)), arising from the shooting of Charles Zduniak in New Castle, Lawrence County, Pennsylvania. [Appellant] proceeded to trial and jury selection commenced on March 12, 2012. [Appellant] subsequently entered a guilty plea before the trial began on March 13, 2012, to the charge of Criminal Attempt to Commit Homicide, a felony of the first degree. In return, the Commonwealth recommended a sentence of not less than 7 1/2 years nor more than 15 years in a state correctional facility to be followed by 5 years of state supervised probation. Additionally, at Case No. 1404 of 2011 CR., No. 1408 of 2011, CR. and No. 1416 of 2011, CR. [Appellant] agreed to plead guilty to one count of Possession With Intent to Deliver a Controlled Substance (35 P[.S.] §780-113(a)(30)) at each case in exchange for the Commonwealth recommending a sentence of not less than 1 1/2 years nor more than 3 years in a state correctional facility, which sentences were to run concurrently with each other and concurrently with case No. 486 of 2011, CR.

PCRA Ct. Op., 9/14/15, at 2. Appellant entered his pleas to the four cases following an extensive colloquy on March 13, 2012, and the court imposed the sentences agreed to by the parties. Thomas Leslie, Esq. ("prior counsel"), who was the county solicitor at the time, represented Appellant during the pretrial, plea, and sentencing proceedings. Appellant did not take a direct appeal.

On December 31, 2012, Appellant filed a timely *pro se* PCRA petition claiming prior counsel was ineffective for failing to investigate his mental health issues. The PCRA court appointed counsel. In March of 2014,

Appellant filed additional *pro se* materials, including a request for new counsel. The court acceded to the request and appointed present counsel. Appointed PCRA counsel did not amend Appellant's petition, but appeared on Appellant's behalf at evidentiary hearings on March 11 and April 29, 2015, at which Appellant, his mother, a records custodian, Appellant's childhood caseworker, and prior counsel testified. Following the submission of briefs, the PCRA court denied Appellant's PCRA petition on September 14, 2015. Appellant timely filed a notice of appeal and complied with the court's order to submit a Pa.R.A.P. 1925(b) statement.

Appellant presents two questions on appeal.

Whether the [PCRA] court erred when it found that [prior] counsel was not ineffective for failing to investigate [Appellant's] mental health history?

Whether the [PCRA] court erred when it found that [prior] counsel was not ineffective for failing to adequately represent [Appellant] during his trial, plea, and sentencing?

Appellant's Brief at 4.

We address Appellant's two arguments jointly. He contends prior counsel was ineffective for failing "to listen to or adequately communicate with [him]." *Id.* at 11. Appellant emphasizes his mother's PCRA hearing testimony that she apprised prior counsel of his mental health history, "wondered if his diagnoses had anything to do with his troubles[,]" and informed him that Human Services "'had a folder as thick as a New York City phone book'" regarding Appellant. *Id.* at 17. He notes he established that

- 3 -

records of treatment at Human Services when he was a juvenile and counsel failed to request those records or contact his caseworker. *Id.* at 12, 19.

Appellant further asserts that prior counsel induced him to plead guilty and failed to ensure his plea was knowing and voluntary. According to Appellant, he entered into the plea because "he thought his attorney told him he did not have a choice." *Id.* at 27. Appellant relies on his PCRA hearing testimony that prior counsel "led him to believe that he had already been found guilty and that he was given seven to fifteen years." *Id.* at 26. He notes he initially asserted he "wasn't trying to kill" the victim during the oral plea colloquy, but then admitted to the factual allegations set forth by the Commonwealth after an off-the-record discussion with prior counsel. *Id.* at 22. Appellant again notes his history of mental health treatment and observes that he gave inaccurate answers on the written guilty plea colloquy, indicating "N/A" to the question regarding treatment for mental illness and "not" to the question regarding a mental illness. *Id.* at 21. He thus suggests his plea was involuntarily and unknowingly entered. For the reasons that follow, we agree with the PCRA court that no relief is due.

The principles governing our review are as follows:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations.

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [a petitioner] must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Willis***, 68 A.3d 997, 1001-02 (Pa. Super. 2013) (citations omitted).

It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and **explore all avenues leading to facts relevant to guilt**. This duty to investigate exists even if counsel thinks that the particular avenue in question offers little chance of leading to a successful defense.

***Commonwealth v. McCaskill***, 468 A.2d 472, 478 (Pa. Super. 1983) (citations and quotation marks omitted).

We have reviewed Appellant's arguments, the record, and the relevant law and discern no basis upon which to conclude that the PCRA court erred or abused its discretion when denying Appellant's claims of ineffective assistance of counsel. As noted by the PCRA court, a diminished capacity

- 5 -

defense based on Appellant's mental health treatment history was inconsistent with his insistence that he did not shoot at the victim. *See* PCRA Ct. Op. at 7-8. Moreover, the PCRA court, which also presided over the guilty plea and sentencing proceedings, had ample opportunity to observe Appellant. Thus, we are bound by the court's decision to credit prior counsel's testimony and finding that Appellant did not appear to be suffering from a mental condition that would prevent him from understanding the plea proceedings and voluntarily entering a plea. *Id.* at 11-12; *Willis*, 68 A.3d at 997, 1001.

We further note that Appellant has not defined the precise mental condition on which he bases his claims for relief. At the PCRA hearing, Appellant's mother testified Appellant received numerous services as a child and was hospitalized at "Sharon Regional" when he was in sixth or seventh grade. *Id.* She referred to his being prescribed Ritalin and then Adderall during that time. N.T., 3/11/15, at 55. Appellant initially testified to being treated for anxiety and depression and being prescribed "Wellbutrin" and a medication with "a crazy name." *Id.* at 90. He, however, later indicated he was treated for "ADHD" and a learning disability. *Id.* at 91. When asked by appointed PCRA counsel whether he was treated for "oppositional defiant disorder," Appellant replied, "I don't even know what that means." *Id.* Appellant did not seek treatment after 2002. Significantly, Appellant adduced no additional evidence in support of a claim that he was suffering

from a mental illness at the time of the incident or plea that would have precluded him from forming a specific intent to kill or entering a knowing, voluntary, and intelligent plea. Thus, Appellant has not demonstrated that an investigation into his mental health treatment history would have produced evidence favorable to a trial defense or a collateral challenge to his guilty plea.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2016